**Linnus HARRISON, Petitioner-Appellant,**

**v.**

**Louie L. WAINWRIGHT, Director, Division of Corrections, Florida State Prison, Respondent-Appellee.**

**No. 72–1199**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

May 10, 1972.
Rehearing and Rehearing En Banc Denied June 14, 1972.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Affirmed.[1] See Local Rule 21.[2]

---

\* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. The appellant in this habeas corpus appeal by a state prisoner has contended that: (1) he was placed in double jeopardy; (2) the trial judge made prejudicial statements in charging the jury; (3) his coerced confession was used against him at the trial; (4) the evidence was insufficient to support the verdict of guilty of manslaughter; (5) his privately-retained counsel was ineffective; and (6) the information upon which he was convicted was invalid because allegedly not executed under oath.

2. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**John William BULLOCK et al., Defendants-Appellants.**

**No. 71–3470**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

May 1, 1972.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Affirmed.[1a] See Local Rule 21.[2a]

---

1a. Appellant contended that: 1) the evidence was insufficient for the jury to have inferred the existence of an unlawful agreement; 2) there was improper venue and a lack of jurisdiction; 3) the charge did not sufficiently instruct the jury to consider each defendant separately; and 4) a preliminary instruction to the jury that once there is some evidence of conspiracy, hearsay of co-conspirators may be admissible, amounted to an instruction, as a matter of law, that there was evidence of a conspiracy. We have considered all these specifications of error and find them to be without merit.

2a. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5 Cir. 1970).